UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARL DUBOSE,

    Plaintiff,

v.

ALAMEDA COUNTY SHERIFF'S DEPARTMENT, et al.,

    Defendants.

Case No. 18-cv-01875-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Plaintiff, a state prisoner who is currently incarcerated Santa Rita Jail ("SRJ") in Alameda County, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, stemming from a December 18, 2016 incident during which excessive force was used against him at the jail. Dkt. 1 at 4.[1] Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Plaintiff names the following Defendants: Alameda County Sheriff's Department, Sheriff G. Ahern, and Deputy R. Walter. *Id.* at 2. Plaintiff seeks monetary damages. *Id.* at 3.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SRJ, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. LEGAL CLAIMS

#### A. Excessive Force

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff alleges that on December 18, 2016, he was subjected to excessive force by Defendant Walter. Dkt. 1 at 4. Specifically, Plaintiff alleges that Defendant Walter requested that Plaintiff turn his shirt around during breakfast. *Id.* Plaintiff allegedly forgot to turn his shirt around while he was eating breakfast, so Defendant Walter removed him from his pod and took him to an isolation cell. *Id.* On the way to the isolation cell, Plaintiff alleges that Defendant Walter grabbed Plaintiff's right wrist and twisted it, telling Plaintiff to "cuff up." *Id.* Plaintiff alleges that he had surgery on his right wrist, making it sensitive when it is twisted the wrong way or roughly grabbed. *Id.* Plaintiff claims that he "instinctively turned [his] body to relieve the pressure [on his] wrist." *Id.* Defendant Walter then "hit [Plaintiff] [with a] right hand punch to [his] mouth followed by an elbow strike that resulted in [him] lo[]sing consciousness." *Id.* When Plaintiff awoke, he felt a sharp pain in his legs. *Id.* He was handcuffed, bleeding from the mouth, and surrounded by deputies yelling at him to stop resisting. *Id.* Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim, relating to the use of excessive against Defendant Walter.

2

## B. False Reports

Plaintiff alleges that Defendant Walter "falsified his report to conceal the fact that he assaulted [Plaintiff and] used excessive force without valid reason." Dkt. 1 at 4. Allegations that officials engaged in a cover-up state a constitutional claim if the cover-up deprived plaintiff of his right of access to courts by causing him to fail to obtain redress for the constitutional violation that was the subject of the cover-up. *See Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 625 (9th Cir. 1988) (cover-up "allegations may state a federally cognizable claim provided that defendants' actions can be causally connected to a failure to succeed in the present lawsuit."). A cover-up claim is premature when, as here, the plaintiff's action seeking redress for the underlying constitutional violations remains pending. *See Karim-Panahi*, 839 F.2d at 625 (claim alleging police cover-up of misconduct was premature when action challenging misconduct was pending); *see also Rose v. Los Angeles*, 814 F. Supp. 878, 881 (C.D. Cal. 1993) ("Because the ultimate resolution of the present suit remains in doubt, [p]laintiff's cover-up claim is not ripe for judicial consideration.")

Here, if Plaintiff succeeds on his Eighth Amendment claim, then he will have suffered no injury caused by Defendant Walter's false reports. If, however, Plaintiff does not succeed on his Eighth Amendment claim, then Defendant Walter may have successfully impeded Plaintiff's right of access to the courts. Accordingly, the Court finds that Plaintiff's cover-up claim is not ripe until he can show that his underlying suit—his pending Eighth Amendment claim—has failed. Because Plaintiff has not yet suffered harm as a result of Defendant Walter's alleged cover-up, this claim against Defendant Walter is DISMISSED without prejudice.

## C. Filthy Cell

Plaintiff claims that "the way [Defendant] Walter falsified his report caused [Plaintiff] to be left in a cold filthy isolation cell with no mattress or blanket until [he] was taken to administrative segregation." Dkt. 1 at 5. After Plaintiff was later placed in administrative segregation, he claims that he was placed in the "filthiest most unsanitary cell . . . ." *Id.* He claims the cell had "mucus [and] feces all over the walls [and] bed area, there was trash EVERYWHERE, and on the floor by the toilet there was urine everywhere." *Id.* Plaintiff claims

that he asked the deputies who placed him there to clean his cell, but they refused. *Id.* Plaintiff had to endure those circumstances for one night. *Id.* Plaintiff claims the following day, at around 9 or 10 AM, Deputy Reese did a walk through of Plaintiff's cell, removed Plaintiff from his cell, and had the cell cleaned before moving him back in. *Id.*

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See id.* at 732-73.

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. *See, e.g.*, *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); *Evans v. Fogg*, 466 F. Supp. 949 (S.D.N.Y. 1979) (no claim stated by prisoner confined for twenty-four hours in refuse strewn cell and for two days in flooded cell). Federal courts instead should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981).

Here, Plaintiff's allegations that he had to spend one night in a filthy cell do not state a claim under the Eighth Amendment. As mentioned above, Plaintiff's cell was cleaned the following morning. His allegations on this point do not suggest any harm or even a serious risk to his health, but instead a short-term inconvenience. Therefore, any Eighth Amendment claim relating to Plaintiff's over-night stay in a filthy cell is DISMISSED without prejudice.

### D. Supervisory Liability Claim

Plaintiff also names the Sheriff, Defendant Ahern, who the Court assumes Plaintiff is suing

in his supervisory capacity. However, Plaintiff does not allege facts demonstrating that Defendant Ahern violated his federal rights, but seems to claim this Defendant is liable based on the conduct of his subordinate, Defendant Walter. There is, however, no respondeat superior liability under section 1983 solely because a defendant is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Plaintiff must allege that the supervisory liability Defendant "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Here, no facts are alleged to establish supervisorial liability on the part of Defendant Ahern. Accordingly, Plaintiff's supervisory liability claim against Defendant Ahern is DISMISSED without prejudice.

### E. Municipal Liability

Finally, Plaintiff has not alleged grounds for municipal liability against Defendant Alameda County Sheriff's Department based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under section 1983 under respondeat superior theory). Accordingly, Plaintiff's claim against Defendant Alameda County Sheriff's Department is DISMISSED without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim, relating to the use of excessive force, against Defendant Walter.

2. Plaintiff's cover-up claim against Defendant Walter is DISMISSED without prejudice.

3. Any Eighth Amendment claim relating to Plaintiff's over-night stay in a filthy cell is DISMISSED without prejudice.

4. Plaintiff's supervisory liability claim against Defendant Ahern is DISMISSED without prejudice.

5. Plaintiff's claim against Defendant Alameda County Sheriff's Department is DISMISSED without prejudice.

6. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), and a copy of this Order to **Defendant Alameda County Deputy R. Walter.** The Clerk shall also mail a copy of the complaint and a copy of this Order to the Alameda County Counsel's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

7. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be required to bear the cost of such service unless good cause be shown for Defendant's failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

8. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than **twenty-eight (28) days** from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming

from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

      b.     Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and

1 motions for summary judgment. *Woods*, 684 F.3d at 935.)

          d.      Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

          e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

9. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

10. All communications by Plaintiff with the court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

12. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: August 10, 2018

                                                  YVONNE GONZALEZ ROGERS
United States District Judge